Jeffrey A. Cogan, Esq.
Nevada Bar No. 4569
JEFFREY A. COGAN CHARTERED, a PLLC
1057 Whitney Ranch Drive, Suite 350
Henderson, Nevada 89014
Telephone: (702) 474-4220
Facsimile: (702) 474-4228
Email: jeffrey@jeffreycogan.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CRYSTAL POTTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL BOND LLC, BEARDEN INSURANCE GROUP INC., and KIMENKER AGENCY INC.,<br><br>Defendants. | **CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CASE NO:** 2:23-cv-00075 |

**INTRODUCTION**

Plaintiff Crystal Potter ("Plaintiff" or "Ms. Potter"), individually and on behalf of all others similarly situated, bring this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against Defendants Samuel Bond LLC, Bearden Insurance Group Inc., and Kimenker Agency Inc. ("Allstate Agents" or "Defendants").

**NATURE OF ACTION**

1. Unsolicited telemarketing calls are a nuisance and an invasion of privacy. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. With growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As

1 Congress explained the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). The Do-Not-Call registry stands out as a model of clarity within the federal government's web of indecipherable acronyms and byzantine programs. It means what it says. If a person wishes to receive telephone solicitations no longer, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that harmed people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA, alleging that the Allstate Agents violated the TCPA by making telephone solicitations to Plaintiff and other putative class members listed on the National Do Not Call Registry without their prior express invitation or permission.

4. Because telemarketing campaigns generally place calls to hundreds, thousands, or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of two

proposed nationwide classes of other persons who received illegal telephone solicitations from, or on behalf of, Defendants.

5. A class action is the best means of obtaining redress for Defendants' wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**JURISDICTION AND VENUE**

6. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

7. This Court has general personal jurisdiction over Allstate Agents because their principal place of business is in this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, as the telemarketing calls at issue were made from this District.

**PARTIES**

9. Plaintiff Crystal Potter is an individual.

10. Defendant Samuel Bond LLC is an Allstate insurance agency located in this District.

11. Defendant Bearden Insurance Group Inc. is an Allstate insurance agency located in this District.

12. Defendant Kimenker Agency Inc. is an Allstate insurance agency located in this District.

**TCPA BACKGROUND**

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing. . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

14. The TCPA also prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

15. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

16. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is canceled by the consumer or the telephone number is removed by the database administrator." *Id*.

17. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**FACTUAL ALLEGATIONS**

**A.   Factual Allegations Regarding Defendants**

18. All of the defendants are agencies that offer Allstate insurance.

19. One of Defendants' strategies for acquiring customers for Allstate insurance includes telephone solicitation calls.

20. Recipients of these telephone solicitation calls, including Plaintiff, had previously registered their telephone numbers on the National Do Not Call list and did not give their prior express invitation or permission to receive such calls.

**B.   Factual Allegations Regarding Plaintiff's Calls**

21. Ms. Potter is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

22. Ms. Potter registered her telephone number, (702) 727-XXXX, on the National Do Not Call Registry in June 2008.

23. This is a residential number used for Ms. Potter's personal use.

24. The number is not associated with a business.

25. Despite this, Ms. Potter received multiple telephone solicitations from each of the Allstate agents.

26. The Samuel Bond agency called Ms. Potter on October 7, 10, and 11, 2022.

27. Bearden Insurance Group Inc. called Ms. Potter on October 10, 11, and 12, 2022.

28. Kimenker Agency Inc. called Ms. Potter on October 10 (three times), 21, 24, and 25, 2022.

29. All of the calls were scripted telemarketing pitch calls.

30. The calls were made to offer Allstate insurance services.

31. The insurance services offered were for individuals.

32. The insurance services offered claimed that the pricing would be competitive and potentially save Ms. Potter money on what she was currently paying for insurance.

33. Ms. Potter was not interested in the services and had not requested any information, so she terminated the calls.

34. The calls annoyed Ms. Potter, wasted her time, and invaded her privacy.

## CLASS ACTION ALLEGATIONS

35. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of the Class of all other persons or entities similarly situated throughout the United States.

36. The Class of persons Plaintiff propose to represent are tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telephone solicitation from or on behalf of the Defendants (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

37. Excluded from the Class are the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

38. The Class, as defined above, is identifiable through phone records and phone number databases that will be obtained through discovery.

39. The number of potential class members is likely hundreds since telemarketing campaigns make calls to tens or hundreds of individuals daily. Individual joinder of these persons is impracticable.

40. Plaintiff is a member of the Class.

41. There are questions of law and fact common to Plaintiff and the proposed Class, including but not limited to the following:

    a. Whether the calls were placed without obtaining the recipients' prior express permission or invitation;

    b. Whether Plaintiff and the class members are entitled to statutory damages because of the Defendants' actions.

42. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by the Defendants and are based on the same legal and remedial theories.

43. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

44. In fact, Plaintiff has foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

45. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns the identification of class members, which will be ascertainable from records maintained by Defendants and/or its agents.

46. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case and given the small recoveries available through individual actions.

## Legal Claims

### COUNT I - Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

47. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

48. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telephone solicitations to the Plaintiff and the members of the Class despite their numbers being on the National Do Not Call Registry.

49. The Defendants' violations were negligent, willful, or knowing.

50. As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each, and every call made.

51. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants from making telephone solicitations (whether directly or via agents) to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D.  A declaration that Defendants and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.  An award to Plaintiff and the Class of damages, as allowed by law; and

F.  Orders granting such other and further relief as the Court deems necessary, just, and proper.

G.  Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants from making telephone solicitations (whether directly of via agents) to numbers on the National Do Not Call Registry in the future.

RESPECTFULLY SUBMITTED AND DATED this 15th day of January, 2023.

JEFFREY A. COGAN CHARTERED, a PLLC

By: /s/ *Jeffrey A. Cogan*
Jeffrey A. Cogan, Esq.
JEFFREY A. COGAN CHARTERED, a PLLC
1057 Whitney Ranch Drive, Suite 350
Henderson, Nevada 89014-3191
Telephone: (702) 474-4220
Email: jeffrey@jeffreycogan.com
Attorney for Plaintiff